UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ALBERT J. MARANO, M.D., and
ALBERT J. MARANO, M.D., INC.,
        Plaintiffs,

        v.                                      C.A. No. 12-639 ML

RBS CITIZENS FINANCIAL GROUP
INC., and STEPHEN MARANO,
        Defendants.

**MEMORANDUM AND ORDER**

      This matter is before the Court on Plaintiffs' objections to a Report and Recommendation issued by United States Magistrate Judge Patricia Sullivan. Magistrate Judge Sullivan recommended that Defendant RBS Citizens Financial Group's ("Citizens") motion for partial judgment on the pleadings be granted. For the reasons set forth below, this Court adopts the recommendation of the Magistrate Judge.

I.  Standard of Review

      Upon the filing of specific written objections, the Court must conduct a plenary review of a Report and Recommendation addressing dispositive pretrial matters. See Fed. R. Civ. P. 72(b). The Court must "determine de novo any part of the [M]agistrate [J]udge's disposition that has been properly objected to." Id. at (3). The Court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the [M]agistrate [J]udge with instructions." Id.

1

II. Objections to the Report and Recommendation

Plaintiffs object to the Magistrate Judge's findings that, if given the opportunity, the Rhode Island Supreme Court would hold that the discovery rule and the continuing tort theory do not apply to a check conversion claim brought under the Rhode Island Uniform Commercial Code ("U.C.C."), see generally R.I. Gen. Laws § 6A-3-420, and that the conversion claim displaced Plaintiffs' negligence and breach of contract claims. Plaintiffs also fault the Magistrate Judge for denying their request to certify the question of whether the discovery rule or the continuing tort theory apply to check conversion claims brought pursuant to the U.C.C.

III. Analysis

A. The Discovery Rule

In Fuscellaro v. Industrial National Corporation, 368 A.2d 1227 (R.I. 1977), the Rhode Island Supreme Court held that the discovery rule did not apply to actions for conversion under the U.C.C. Id. In arriving at this conclusion, the Rhode Island Supreme Court found that

> in the absence of fraud by those invoking the statute of limitations, a cause of action in conversion accrues at the time the defendant wrongfully exercises dominion, regardless of the plaintiff's ignorance. The finality of transactions promoted by an ascertainable definite period of limitations is essential to the free negotiability of instruments on which commercial welfare so heavily depends. Our law of commercial paper has codified a public policy strongly favoring such finality.

Id. at 1231. In addition to stressing the significance of finality in commercial transactions and free negotiability of instruments, the Fuscellaro court found that the law of conversion presumes that a property owner knows what and where his assets are and is in the best position to monitor those assets. Id. Thus, in Rhode Island, property owners bear the risk of the failure to monitor

2

their assets.  Id.

The Rhode Island Supreme Court has, on *two* occasions, reaffirmed Fuscellaro's holding. See O'Coin v. Woonsocket Institution Trust Co., 535 A.2d 1263, 1266 (R.I. 1988) (noting that "in Fuscellaro . . . we declined to apply the discovery rule in an action against a bank for cashing checks upon forged endorsements, holding that [t]he finality of transactions promoted by an ascertainable definite period of liability is essential to the free negotiability of [financial] instruments") (internal quotation marks and citation omitted); Lee v. Morin, 469 A.2d 358, 361 (R.I. 1983) (discussing the discovery rule and citing Fuscellaro for the propositions that the law of negotiable instruments required a finality of transaction and "a cause of action for conversion accrued at the time of conversion").  Plaintiffs point to no convincing authority suggesting that the Rhode Island Supreme Court has rejected or departed from Fuscellaro.  In fact, just the opposite is true; the Rhode Island Supreme Court has relied on the holding in Fuscellaro in O'Coin and Lee.  Rhode Island is among the "overwhelming majority of jurisdictions" that refuses to apply the discovery rule to claims for conversion brought under the U.C.C.  Advance Dental Care, Inc. v. Suntrust Bank, ___ F. Supp. 2d ___, 2012 WL 6019097, at *3 (D. Md. 2012) (internal quotation marks and citation omitted).

Undaunted by the clear direction of the Rhode Island Supreme Court, Plaintiffs urge this Court to follow the reasoning in Fine v. Sovereign Bank, No. 06cv11450-NG, 2010 WL 3001194 (D. Mass. July 28, 2010).  In Fine, the District Court predicted that the Massachusetts Supreme Judicial Court would apply the discovery rule to a conversion claim brought under the Massachusetts U.C.C.  Id. at *5.  The Fine court concluded that when "the rights of an individual to obtain redress . . . come into conflict with the interest of the flow of commercial transactions,

3

the judiciary should favor the course that protects individual rights." Id. (internal quotation marks and citation omitted).

Plaintiffs' reliance on Fine is unconvincing for several reasons. First, Fine is not binding authority. Second, the Fine court was writing on a blank slate; the Massachusetts Supreme Judicial Court had not yet spoken on the question of the application of the discovery rule to actions for conversion brought under the U.C.C. The legal landscape in Rhode Island is well-chartered on this issue; Fuscellaro rejects the reasoning relied upon by the Fine court.

Furthermore, the Fine court relied upon Massachusetts' "expansive adoption of the discovery rule." Fine, 2010 WL 3001194 at *5. The Rhode Island Supreme Court has not adopted the same broad application of the discovery rule. See generally Moore V. Rhode Island Board of Governors for Higher Education, 18 A.3d 541, 544 (R.I. 2011) ("[t]he discovery rule applies in narrowly circumscribed factual situations. . .") (internal quotation marks and citation omitted). In Rhode Island, the discovery rule "serves to protect individuals suffering from latent or undiscoverable injuries. . . ." Mendes v. Factor 41 A.3d 994, 1006 (R.I. 2012) (internal quotation marks and citation omitted). Plaintiffs' injury is certainly not a latent or undiscoverable injury; Plaintiffs surely were in the best position to monitor their assets and discover the conversion. See generally Fuscellaro, 368 A.2d at 1231; see also Lee, 469 A.2d at 361 ("it would be much easier for a person to discover a wrongfully converted negotiable instrument, payable to him, than it would for the owner of a house to discover defects before they become evident").

Plaintiffs have failed to convince the Court that the Rhode Island Supreme Court would abrogate Fuscellaro. Fuscellaro is controlling precedent. Thus this Court concludes that the

4

Magistrate Judge did not err in refusing to apply the discovery rule to Plaintiffs' conversion claim.

### B. The Continuing Tort Theory

Neither party argued a continuing tort theory in their initial memoranda submitted to the Magistrate Judge. The subject was raised during oral argument by the Magistrate Judge. After oral argument, the Magistrate Judge requested further briefing on the subject and the parties submitted letter briefs. Plaintiffs, relying on Bartlett v. Fitts, No. PC 00-2002, 2007 WL 1581475 (R.I. Super. Ct. May 17, 2007), now contend that Rhode Island recognizes the continuing tort theory and it should be applied in this matter.

The Court has reviewed the Magistrate Judge's analysis of the continuing tort theory and Plaintiffs' objections. In this Court's judgement, the Magistrate Judge accurately recounted the record facts and properly applied the pertinent law. Thus, the Court adopts the reasoning and conclusion of the Magistrate Judge that the Rhode Island Supreme Court would not adopt the continuing tort theory in a conversion claim brought under the U.C.C.

### C. Certification

Plaintiffs next argue that the Magistrate Judge erred by not certifying the questions concerning whether the Rhode Island Supreme Court would recognize the discovery rule or the continuing tort theory in a conversion claim brought under the U.C.C.[1]

Certification to a state Supreme Court is not a recourse to be taken lightly. McGovern

---

[1] Plaintiffs did not request that the Magistrate Judge certify the question of whether the continuing tort theory applies to a conversion claim brought under the U.C.C. As a result, Plaintiff has waived any such argument before this Court. Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988). Plaintiffs' waiver, however, is of no moment because as discussed below, even if Plaintiffs had requested certification, certification is not appropriate in these circumstances.

Physical Therapy Associate, LLC v. Metropolitan Property & Casualty Insurance Co., 802 F. Supp. 2d 306 (D. Mass. 2011).  "When state law is sufficiently clear . . . to allow a federal court to predict its course, certification is both inappropriate and an unwarranted burden on the state court."  In re Citigroup, Inc., 535 F.3d 45, 62 (1st Cir. 2008) (internal quotation marks and citation omitted).

Fuscellaro is controlling precedent in Rhode Island.  The Fuscellaro court found that a finality of transactions promoted by an ascertainable definite period of liability was essential to negotiability and the general welfare of the commercial system.  Fuscellaro, 368 A.2d at 1231.  Employing the discovery rule or the continuing tort theory would militate against finality and certainty of obligation which is clearly inconsistent with the Fuscellaro court's findings.  The Magistrate Judge properly refused to certify the questions.

## D.  Displacement

In its memorandum in support of its motion for partial judgment on the pleadings, Citizens argued that Plaintiffs' conversion action brought under the U.C.C. displaced common law claims seeking damages for alleged conversion of negotiable instruments.  Plaintiffs did not respond to Citizens' argument.  Plaintiffs, however, now argue that the Magistrate Judge erred in finding that the conversion claim displaced Plaintiffs' breach of contract and negligence claims.

Fed. R. Civ. P. 72(b) "does not permit a litigant to present new initiatives to the district judge.  We hold categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate."  Paterson-Leitch Co., Inc., 840 F.2d at 990-91.  The Court finds that because Plaintiffs did not address the issue before the Magistrate Judge, they have waived any consideration of the Magistrate Judge's

recommendation on the displacement issue. Id.

Even if Plaintiffs had not waived the argument, the Court is not convinced that the Magistrate Judge's recommendation was erroneous. Plaintiffs argue that the breach of contract and negligence claims are not displaced by the U.C.C. because the conduct that supports those claims encompasses more than the "simple forgery" that is the basis of the conversion claim. Memorandum of Law in Support of Plaintiffs' Objections to Magistrate Judge's Report and Recommendation at 8; Docket # 17-1. Rather, Plaintiffs contend that the negligence claim and the breach of contract claim are premised on Citizens alleged negligent addition of Plaintiff Albert Marano's name to an account which Citizens used to convert Plaintiffs' funds.

The Rhode Island Supreme Court has not yet addressed the question of whether R.I. Gen. Laws § 6A-3-420 displaces a negligence or breach of contract action.[2] The U.C.C. provides that

> [u]nless displaced by the particular provisions of [the UCC], the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, and other validating or invalidating cause supplement its provisions.

R.I. Gen. Laws § 6A-1-103(b). Thus, if a provision of the U.C.C. applies, Plaintiffs cannot rely on a common law cause of action. Stefano v. First Union National Bank of Virginia, 981 F. Supp. 417 (E.D. Va. 1997). "[W]hen the Code and common law both provide a means of recovery, the Code should displace the common law, because variations in the common law among states destroy the uniformity in commercial transactions sought to be accomplished by the Uniform Commercial Code." Equitable Life Assurance Society of the United States v. Okey,

---

[2] In this instance the Court is called upon to make an "informed prophecy" of how the Rhode Island Supreme Court would decide the issue. Andrew Robinson International, Inc. v. Hartford Fire Insurance Co., 547 F.3d 48, 51 (1st Cir. 2008). In performing this task, the Court may consider "analogous decisions of the state's highest court; . . . decisions of the lower courts of [the] state; . . . precedents in other jurisdictions; . . . wisdom found in learned treatises; and . . . any relevant policy rationales." Id. at 51-52.

812 F.2d 906, 909 (4th Cir. 1987); see also Travelers Casualty & Surety Co. of America, Inc. v. Northwestern Mutual Life Insurance Co., 480 F.3d 499, 505 (7th Cir. 2007) (where a provision in the U.C.C. "fits the facts of the case to a T, no room is left for recharacterizations intended to circumvent the statute of limitations applicable to such claims. It is one thing to fill gaps in the [U.C.C.] and another to contradict it by calling a [U.C.C.] claim something else"); Mackin Engineering Co. v. American Express Co., 437 Fed. App'x 100 (3d Cir. 2011) (where U.C.C. provides a comprehensive remedy common law action is barred); see also Ciccone v. Pitassi, No. Civ.A. PB 97-4180, 2004 WL 2075120 (R.I. Super. Ct. Aug. 13, 2004) (conversion claim under U.C.C. displaces common law negligence action); Advance Dental Care, Inc., 816 F. Supp. 2d at 271 (in light of "overwhelming case law," U.C.C. conversion claim displaces common law negligence action); Jones v. F.D.I.C., No. 5:12-CV-176 (MTT), 2012 WL 6115374 (M.D. Ga. Dec. 10, 2012) (provisions in the U.C.C. provided a comprehensive remedy to plaintiff thus displacing common law breach of contract claim).

Plaintiffs seek redress for a singular harm: Stephen Marano's conversion of various negotiable instruments made payable to Plaintiffs. Plaintiffs, however, attempt to circumvent the applicable statute of limitations by recharacterizing their claims against Citizens as something other than a claim under R.I. Gen. Laws § 6A-3-420. In this matter, on the facts before the Court, the U.C.C. provides a remedy to Plaintiff, specifically R.I. Gen. Laws § 6A-3-420; thus Plaintiffs' negligence and breach of contract claims are displaced. See generally Jones, 2012 WL 6115374 at *7.

IV.  Conclusion

For the reasons stated, the Court adopts the recommendation of the Magistrate Judge.

Citizens' motion for partial judgment on the pleadings is granted.[3]


SO ORDERED

/s/ Mary M. Lisi
Mary M. Lisi
Chief United States District Judge
February 20, 2013

---

[3] On December 5, 2012, after the motion for partial judgment on the pleadings had been fully briefed, after the parties had argued the matter before the Magistrate Judge, and after the parties had filed supplemental letter briefs, Plaintiffs filed two motions; a motion to voluntarily dismiss (Docket # 12) the sole federal claim in the complaint (Count IV) and a motion to remand (Docket # 11). Plaintiffs motion to voluntarily dismiss Count IV of the complaint is granted pursuant to Fed. R. Civ. P. 41(a)(2). A motion to remand is "decided by reference to the complaint at the time the petition for removal was filed." Abdelnour v. Bassett Custom Boatworks, Inc., 614 F. Supp. 2d 123, 126 (D. Mass. 2009). The "dismissal of the only federal claim after removal of an action to federal court does not by itself deprive the federal court of jurisdiction over the remaining state claims." Grispino v. New England Mutual Life Insurance Co., 358 F.3d 16, 19 (1st Cir. 2004). The Court, may however, in its discretion, decline to exercise supplemental jurisdiction over remaining state law claims. Id. In determining whether to exercise supplemental jurisdiction, the Court should consider interests of fairness, judicial economy, convenience, and comity. Camelio v. American Federation, 137 F.3d 666 (1st Cir. 1998). Courts may also consider whether a plaintiff "has attempted to manipulate the forum" in exercising its discretion. Massachusetts v. V & M, Management, Inc., 929 F.2d 830, 836 (1st Cir. 1991). The parties and the Court have already invested substantial resources in litigating this matter. In the interests of judicial economy, the Court denies Plaintiffs' motion to remand.