UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ALBERT J. MARANO, M.D.,
ALBERT J. MARANO, M.D., INC.,
        Plaintiffs,

v.                                                 C.A. No. 12-639

RBS CITIZENS FINANCIAL GROUP
INC., and STEPHEN MARANO,
        Defendants.

**MEMORANDUM AND ORDER**

Plaintiffs, Albert J. Marano, M.D., ("Dr. Marano") and Albert J. Marano, M.D., Inc., ("Marano, M.D., Inc.") (collectively "Plaintiffs") have moved for summary judgment against Defendant, Stephen Marano ("Defendant"), as to Count V of the complaint.[1] Count V of the complaint alleges that Defendant misappropriated, converted and embezzled Plaintiffs' funds for his own personal use. For the reasons stated herein, Plaintiffs' motion is granted.

**I. Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if the pertinent evidence is such that a rational factfinder could resolve the issue in favor of either party, and a fact is "material" if it "has the capacity to sway the outcome of the litigation under the applicable law." National Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995).

---

[1] Defendant is proceeding pro se, thus the Court construes his papers more liberally than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89 (2007) (per curiam). Nevertheless, Defendant's pro se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

1

The moving party bears the initial burden of showing the Court that no genuine issue of material fact exists. Id. Once the moving party makes this showing, the non-moving party must point to specific facts demonstrating a trialworthy issue. Id. The Court views all facts and draws all reasonable inferences in the light most favorable to the nonmoving party. Continental Casualty Co. v. Canadian Universal Insurance Co., 924 F.2d 370 (1st Cir. 1995).

To aid the Court in identifying genuine issues of material fact, this District has adopted Local Rule Cv 56. "Valid local rules are an important vehicle by which courts operate. Such rules carry the force of law . . . and they are binding upon the litigants and upon the court itself . . . ." Air Line Pilots Association v. Precision Valley Aviation, Inc., 26 F.3d 220, 224 (1st Cir. 1994) (citations and footnote omitted). Local Rule Cv 56 provides that, in addition to a memorandum of law, the moving party in a motion for summary judgment "shall" also file a separate statement of undisputed facts. D.R.I. LR Cv 56(a)(1). An "objecting party that is contesting the movant's Statement of Undisputed Facts shall file a Statement of Disputed Facts, which shall be numbered correspondingly to the Statement of Undisputed Facts, and which shall identify the evidence establishing the dispute . . . ." Id. at (a)(3). "[A]ny fact alleged in the movant's Statement of Undisputed Facts shall be deemed admitted unless expressly denied or otherwise controverted by a party objecting to the motion." Id. Parties who ignore Local Rule Cv 56 do so at their own peril. See generally Gosselin v. Webb, 242 F.3d 412, 415 n.2 (1st Cir. 2001); see also Pope v. Potter, No. 03-544, 2005 WL 3178179 (D.R.I. November 28, 2005) (under similar prior version of local rule, the court held that an attempt to dispute facts by merely incorporating them into a memorandum opposing a motion for summary judgment does not meet the requirements of the local rule; a separate statement must be filed).

In addition to its motion and memorandum, Plaintiffs filed a statement of undisputed facts. See D.R.I. LR Cv 56(a)(1). Defendant answered the complaint but did not respond to the motion for summary judgment. Thus, the facts as delineated in Plaintiffs' statement of undisputed facts are deemed admitted. See D.R.I. LR Cv 56(a)(3); Indian Harbor Insurance Co. v. Assurance Co. of America, No. CA 08-146 ML, 2010 WL 2365571 (D.R.I. May 21, 2010), report and recommendation adopted, No. CA 08-146 ML, 2010 WL 2346654 (D.R.I. June 9, 2010).

## II. Background

Dr. Marano is a practicing physician in Rhode Island. Dr. Marano maintained a business account for Marano M.D., Inc. with Citizens Bank. Defendant was the business manager for Marano M.D., Inc. from 2006 through April 2012. As business manager, among other things, Defendant was in charge of maintaining Dr. Marano's and Marano M.D., Inc.'s bank accounts, depositing checks into those accounts, and ensuring that patient co-payments were being submitted to Marano M.D., Inc. in a timely manner. Defendant was responsible for depositing payments made to Plaintiffs into the appropriate account.

From December 5, 2006, until September 10, 2007, Defendant was the sole owner of a personal checking account with Citizens Bank. Defendant deposited checks made out to Dr. Marano and Marano M.D., Inc. into his account without the knowledge or authorization of Plaintiffs. Citizens Bank accepted the checks for deposit into the account even though (1) Defendant was the sole owner of the account and (2) the checks were made payable to Plaintiffs.

On September 11, 2007, Defendant forged the name of Dr. Marano on a Citizens Bank signature card and purported to create a joint account with Dr. Marano as a co-owner of

Defendant's personal checking account.  After forging Dr. Marano's signature, from September 11, 2007, through April 5, 2011, Defendant deposited checks made payable to Plaintiffs into the account without the authorization of Plaintiffs.  At this time, Plaintiffs were not aware of the account.

As a result of an audit, Dr. Marano learned of discrepancies in the Marano M.D., Inc. business account.  Dr. Marano learned of Defendant's personal checking account in April 2012 when he visited a Citizens Bank branch office and was informed by a Citizens employee that there was a second account into which Marano M.D., Inc. checks were being deposited.  Dr. Marano immediately closed the account.  By the time Dr. Marano closed the account, however, Defendant had already withdrawn $647,270.09 of Plaintiffs' funds for his own personal use.

### III.  Analysis

Rhode Island General Laws § 9-1-2 provides, in part, that "[w]henever any person shall suffer any injury to his . . . person, reputation, or estate by reason of the commission of any crime or offense, he . . . may recover his . . . damages for the injury in a civil action against the offender . . . ."  R.I. Gen. Laws § 9-1-2.  Section 9-1-2 "imposes civil liability for injuries resulting from a criminal act."  Willis v. Omar, 954 A.2d 126, 131 (R.I. 2008).  Section 9-1-2 gives an individual injured as a result of a crime a right of action where none existed at common law.  Walden v. City of Providence, 495 F. Supp. 2d 245 (D.R.I. 2007).  A plaintiff may bring an action under § 9-1-2 even if a criminal complaint has not been filed.  Id.; see also § 9-1-2; Morabit v. Hoag, 80 A.3d 1, 4 (R.I. 2013) (stating that § 9-1-2 "provides civil liability for criminal offenses" and a "plaintiff may recover civil damages for injury . . . that results from the commission of a crime or offense, irrespective of whether charges have been filed against the

4

offender").

Section 11-41-3 defines embezzlement as follows:

> every officer, agent, clerk, servant, or other person to whom any money or other property shall be entrusted for any specific purpose. . . who shall embezzle or fraudulently convert to his or her own use, or who shall take or secrete, with intent to embezzle or fraudulently convert to his or her own use, any money or other property which shall have come into his or her possession or shall be under his or her care or charge by virtue of his or her employment . . . shall be deemed guilty of larceny . . . .

R.I. Gen. Laws § 11-41-3. The three elements necessary to prove embezzlement are:

> (1) that defendant was entrusted with the property for a specific use, (2) that he came into possession of the property in a lawful manner, often as a result of his employment, and (3) that defendant intended to appropriate and convert the property to his own use and permanently deprive that person of the use.

State v. Lough, 899 A.2d 468, 471 (R.I. 2006) (internal quotation marks and citation omitted).

As business manager, Defendant was responsible for depositing payments made to the Plaintiffs into the appropriate account. Defendant came into possession of Plaintiffs' funds in a lawful manner – as a result of his employment as business manager of Marano M.D., Inc. See generally Lough, 899 A.2d at 471; see also State v. Oliveira 432 A.2d 664, 666 (R.I. 1981) (§ 11-41-3 "makes clear that embezzlement involves the violation of a fiduciary or agency relationship . . . [that] can arise as a result of a person's employment"). Last, because Defendant did not respond to the motion for summary judgment, it is undisputed that Defendant converted Plaintiffs' funds of $647,270.09 for his own use with the intent to permanently deprive Plaintiffs of the use of the funds. See generally Lough, 899 A.2d at 473 (an individual "puts property to his own use when he treats it as his own").

## IV. Conclusion

Based on the uncontroverted facts as set forth in the Plaintiffs' papers, the Court finds

that the Plaintiffs' motion for summary judgment should be and it hereby is granted.  The Clerk is directed to enter judgment in favor of the Plaintiffs in the amount of $647,270.09.

SO ORDERED

/s/ Mary M. Lisi
Mary M. Lisi
United States District Judge
April 17, 2014